IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILSON FRANKLIN, # B-15397, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 14-cv-1102-SMY |
| | ) |
| JACKSON COUNTY SHERIFF DEPT., | ) |
| and UNKNOWN PARTY (Nurse and | ) |
| Correctional Officers), | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, claiming that his constitutional rights were violated during his pretrial detention at the Jackson County Jail ("the Jail"). He claims that Defendants refused to treat his serious medical condition.

According to the complaint, Plaintiff was arrested on July 11, 2013, and was held at the Jail for six months (Doc. 1, p. 7). While he was in lockdown immediately after his arrival at the Jail, his body started itching badly. He apparently asked to see the nurse, but had to wait. After a week, he was moved to another housing area, and the itching got worse. When he was called to see the nurse and told her about the itching, she laughed and told him to wash his uniform. The nurse gave him pills for high blood pressure.

Over the next week, the itching became still worse and Plaintiff was scratching all the time. He started to get sores and scabs all over his body that would not heal. He put in another sick call request, but was not called to see the nurse for another month. When the nurse finally

saw him, she said his symptoms were due to the detergent, and she would not allow Plaintiff to see the doctor. Plaintiff wrote a grievance in protest, but got no response. He also complains that the Nurse at the Jail "won't help you unless you got money," and that prisoners are charged for each medication and health care visit (Doc. 1, p. 7).

Plaintiff continued to suffer from his condition for six months. Ninety percent of his body was broken out in sores. He could not sleep, and the itching became worse when he showered. At some point (Plaintiff does not say when), he gave the nurse an ultimatum that if he did not get to see the doctor, he would refuse his medication. He does not explain what medication he was referring to. It appears that Plaintiff never was allowed to see the doctor while he was confined at the Jail.

Plaintiff was sent to Menard Correctional Center after being convicted of a felony. When he got there, he was diagnosed with scabies and was told it was the worst case they had ever seen. Even after receiving treatment, Plaintiff's body still itches all the time, he has scars on 90% of his body (everywhere except his face), and has black spots everywhere. In addition, he suffers from severe swelling in his genitals due to tissue damage from the bites.

He seeks compensatory and punitive damages from the Defendants.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff may proceed with his claim against the unknown party Defendant nurse for deliberate indifference to his medical needs. However, the complaint fails to state a claim upon which relief may be granted against

the Defendant Jackson County Sheriff Department or against any individual correctional officers. Those Defendants shall be dismissed from the action.

**Deliberate Indifference Claim Against the Unknown (Jane Doe) Defendant Nurse**

Although pre-trial detainees are not covered by the Eighth Amendment, their claims for deliberate indifference to medical care are considered under the due process clause of the Fourteenth Amendment. They are entitled to the same sort of protection against deliberate indifference as convicted inmates, no less. *See Williams v. Romana,* 411 F. App'x 900, 901 n.1 (7th Cir. 2011); *Miller v. Hertz,* 420 F. App'x 629, 634 (7th Cir. 2011). The Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)).

In order to state a claim for deliberate indifference to a serious medical need, a prisoner must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was aware of that risk and intentionally disregarded it. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle,* 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th

Cir. 1997). Medical negligence or even malpractice does not violate the Constitution. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001).

Plaintiff's complaint sufficiently alleges that he suffered from a serious, painful medical condition while detained at the Jail. The Unknown Defendant Nurse did provide some treatment in the form of blood pressure medicine, but that did not help Plaintiff's scabies. The mere fact that a prescribed treatment has proven ineffective does not rise to the level of deliberate indifference. *Duckworth*, 532 F.3d at 680. However, a course of ineffective treatment coupled with a refusal to refer an inmate for further testing or diagnosis may suggest a constitutional violation. *See Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005). When the Defendant Nurse failed to recognize that Plaintiff suffered from scabies and refused to refer him to the doctor for a consultation, his condition worsened and caused him continued suffering. At this early stage, it is not clear whether the Defendant Nurse was deliberately indifferent to Plaintiff's need for further medical intervention, or whether her actions constituted mere malpractice or negligence. Accordingly, Plaintiff's Fourteenth Amendment claim against the Unknown Defendant Nurse shall proceed for further review.

As to Plaintiff's complaint that he was charged for medical visits and prescriptions, this practice does not violate the Constitution. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012) ("the imposition of a modest fee for medical services, standing alone, does not violate the Constitution"). This issue might be relevant if Plaintiff had been denied treatment on account of an inability to pay, but he does not allege that he was refused treatment for that reason.

Although the claim against the Unknown Defendant Nurse survives review under § 1915A, this Defendant cannot be served with the complaint until she is identified by name. It

is Plaintiff's responsibility to identify her so that his action may proceed. In order to assist Plaintiff with discovering the identity of the Unknown Defendant Nurse, the Court shall add the Jackson County Sheriff as a Defendant, in his official capacity, for the purpose of responding to Plaintiff's discovery requests. *See* FED. R. CIV. P. 21; FED. R. CIV. P. 17(d). *See also Santiago v. Walls*, 599 F.3d 749, 763-64 (7th Cir. 2010); *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555-56 (7th Cir. 1996) (plaintiff should be allowed to discover identities of parties who may have violated his rights).

**Dismissal of Jackson County Sheriff Department and Unknown Correctional Officers**

Plaintiff lists the Jackson County Sheriff Department as a Defendant, and also lists Unknown Party Correctional Officers. However, he makes no allegations against these Defendants in the body of the complaint. He does not describe any action or failure to act on the part of any correctional officer, which would suggest that an officer was deliberately indifferent to Plaintiff's medical needs. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant (or a description in the case of the Unknown Parties) is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Furthermore, a governmental entity such as the Sheriff Department cannot be held liable for the unconstitutional acts of its employees unless those acts were carried out pursuant to an official custom or policy. *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006).

*See also Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 694 (1978). "The 'official policy' requirement for liability under § 1983 is to 'distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)). *See also Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007) ("Misbehaving employees are responsible for their own conduct, 'units of local government are responsible only for their policies rather than misconduct by their workers.'" (quoting *Fairley v. Fermaint*, 482 F.3d 897, 904 (7th Cir. 2007))). None of Plaintiff's allegations indicate that the Unknown Nurse's actions were taken because of an official custom or policy promulgated by the Jackson County Sheriff Department.

For these reasons, the Jackson County Sheriff Department and the Unknown Party Correctional Officers shall be dismissed from this action without prejudice.

**<u>Disposition</u>**

The Clerk is **DIRECTED** to add the **JACKSON COUNTY SHERIFF** as a party Defendant, in his official capacity.

Defendants **JACKSON COUNTY SHERIFF DEPARTMENT** and the **UNKNOWN PARTY CORRECTIONAL OFFICERS** are **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendant **JACKSON COUNTY SHERIFF**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to

the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (Jane Doe) Defendant Nurse until such time as Plaintiff has identified her by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge

Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 12, 2014**

                                              s/ STACI M. YANDLE
                                              United States District Judge